**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOSE JORGE VIOLANTE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Respondent. | No. CV 10-1392-MMM (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On February 24, 2010, Petitioner Jose Jorge Violante, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner in the Eastern District of California: *Jose Jorge Violante v. Dawson*, CV 07-1277 LJO (DLB) ("*Violante I*").

On June 24, 2005, Petitioner was convicted of possession of methamphetamine for sale and was sentenced to state prison for 13 years. (Petition 2.) On July 28, 2006, the California Court of Appeal affirmed the judgment. *People v. Violante*, 2006 Cal. App. Unpub. LEXIS 6602 (2006) (Case No. F048511). On October 11, 2006, the

California Supreme Court denied the petition for review. *People v. Violante*, 2006 Cal. LEXIS 12204 (2006) (Case No. S146158).

In *Violante I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody in the Eastern District of California on September 4, 2007. *Violante v. Dawson*, 2007 U.S. Dist. LEXIS 66982, at \*2 (E.D. Cal. 2007) (Magistrate Judge's Findings and Recommendation). The sole ground of that petition was based on an unreasonable search and seizure under the Fourth Amendment. (*Id.* at \*3.) On October 16, 2007, the district court entered an Order Adopting Magistrate Judge's Findings and Recommendation and a Judgment dismissing the petition with prejudice. *Violante v. Dawson*, 2007 U.S. Dist. LEXIS 76762 (E.D. Cal. 2007) (Case No. 07-1277). On September 24, 2008, the district court denied Petitioner's motion to enter judgment without prejudice.[1] (*Violante I*, Dkt. Nos. 12-13.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the

---

[1] Petitioner's motion was based on Department of Motor Vehicle records related to the Fourth Amendment claim.

district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Violante I*. (Petition at 2, 5-6.) The petition in *Violante I* was dismissed with prejudice. *See Beaty v. Schriro*, 554 F.3d 780 (9th Cir.), *cert. denied*, 130 S. Ct. 364 (2009).

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: March 29, 2010

                                  MARGARET M. MORROW
                                  UNITED STATES DISTRICT JUDGE

Presented By:

_____
    ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE